# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

### HELENA DENNERLEIN, Plaintiff, v. JOHN DENNERLEIN AND Others, Defendants.

*Representation as to the quantity of real estate to be conveyed at a sale at auction — when no warranty as to the quantity, will be inferred therefrom.*

APPEAL from an order, made at a Special Term, denying a motion made by a purchaser to be relieved from completing his purchase.

The real estate was sold under a judgment entered in this action, brought by the plaintiff for dower in a farm of which her husband died seized. The objections taken by the purchaser were that at the time of the sale the premises were described as being thirty-one acres of land, when in fact, the farm contained only twenty-four, and nine hundred and forty-six one-thousandths acres, and that the referee failed to publish a notice to take proof of liens on the premises.

The court at General Term said: "This case does not fall within the case of *Paine* v. *Upton* (87 N. Y., 327). In that case there was a representation, preliminary to the negotiation, that the farm contained two hundred and twenty-two acres and upwards. The description of the lands, when the deed came to be given was accompanied by the addition of the words 'more or less' to the number of two hundred and twenty-two acres. The court held that under the findings of fact equity could give relief against the mutual mistake of the parties, and that the addition of the words 'more or less' did not take away the right to such relief. In this case there was no representation of quantity beyond the description as stated in the old deed, and which ended with the words 'containing thirty-one acres, be the same more or less.' There were hand-bills posted by the referee announcing the sale of the farm of the deceased, George Dennerlein, 'containing thirty-one acres.' At the sale the full description was read giving monuments, meets and bounds, and

the property was sold by this description and a lump sum paid therefor. There was no misrepresentation or fraud, and the case of the *Morris Coal Company* v. *Emmet* (9 Paige, 168) lays down the rule which governs the case. The case of *Faure* v. *Martin* (3 Seld., 210) holds that a sale of lands, stating the number of acres, ' be the same more or less,' at a fixed price, is a sale in bulk, and that the quantity is not warranted to be as stated. The point that there was no publication of a notice for liens has no weight. There is no proof of any general or specific lien, and the court has, by the decree, directed the payment of the entire proceeds of this sale to the executors, and there is no claim that there is not sufficient to pay the debts of the deceased.

"The order should, therefore, be affirmed, with costs."

*Martin J. Keogh*, for Richard Webber, purchaser, appellant.

*L. C. & W. P. Platt*, for the plaintiff.

*H. C. Henderson*, for the defendants.

Opinion by BARNARD, P. J.; PRATT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.